United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| ROMAN BADOV,       § | |
| § | |
| *Plaintiff,*       § | |
| v.       § | Civil Action No. 4:25-cv-41 |
| § | Judge Mazzant |
| AMERIFLIGHT, LLC,       § | |
| § | |
| *Defendant.*       § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Ameriflight's Motion to Dismiss Under FRCP 12(b)(3) for Improper Venue (the "Motion") (Dkt. #3). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED in part and GRANTED in part**.

**BACKGROUND**

Plaintiff Roman Badov ("Plaintiff"), a pilot, filed suit against Defendant Ameriflight, LLC ("Defendant"), one of the largest Part 135 Cargo airlines in the nation, alleging unlawful employment practices under the Americans with Disability Act ("ADA"), 42 U.S.C. §12101, et seq. (Dkt. #1 at ¶ 1). Plaintiff specifically alleges Defendant discriminated against him because of his actual or perceived disability, failed to accommodate his actual disability, and terminated him because of an actual or perceived disability (Dkt. #1 at ¶ 1; Dkt. #1-1).

While employed by Defendant, Plaintiff was a resident of Collin County, Texas, but is now a resident of Australia (Dkt. #1 at ¶ 5; Dkt. #7 at p. 2). Plaintiff alleges Defendant is a Texas limited liability company that conducts business in Collin County, Texas, and Defendant committed the employment practices at issue in this dispute in Collin County, Texas (Dkt. #1 at ¶¶ 3–6). In contrast, Defendant alleges its headquarters, where it makes employment-related decisions, are in

Tarrant County, Texas; it has no physical location in Collin County, Texas; it does not conduct business in Collin County, Texas; and it does not regularly fly its planes into or out of Collin County, Texas (Dkt. #3 at ¶¶ 19–20; Dkt. #3 at pp. 12–13). Defendant further alleges that during Plaintiff's employment, Plaintiff reported to work at Defendant's headquarters and completed his indoctrination training at Flight Safety International in Houston, Texas (Dkt. 3 at p. 12).

On February 12, 2025, Defendant filed its Motion to Dismiss (Dkt. #3). On March 28, 2025, Plaintiff filed his Response (Dkt. #7). On April 4, 2025, Defendant filed its Reply (Dkt. #10). The Motion is now ripe for adjudication.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss an action for "improper venue." FED. R. CIV. P. 12(b)(3). Once a defendant raises improper venue by motion, "the burden of sustaining venue will be on [the] Plaintiff." *Cincinnati Ins. Co. v. RBP Chem. Tech., Inc.*, No. 1:07-CV-699, 2008 WL 686156, at *5 (E.D. Tex. Mar. 6, 2008). "Plaintiff may carry this burden by establishing facts that, if taken to be true, establish proper venue." *Id.* (citations omitted). The Court "must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Mayfield v. Sallyport Glob. Holdings, Inc.*, No. 6:16-CV-459, 2014 WL 978685, at *1 (E.D. Tex. Mar. 5, 2014) (citing *Ambraco, Inc. v. Bossclip, B.V.*, 570 F.3d 233, 237–38 (5th Cir. 2009)). In determining whether venue is proper, "the Court may look beyond the complaint to evidence submitted by the parties." *Ambraco*, 570 F.3d at 238. If venue is improper, the Court must dismiss, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); FED. R. CIV. P. 12(b)(3).

## ANALYSIS

Defendant moved to dismiss Plaintiff's claims for improper venue under 28 U.S.C. § 1391 (Dkt. #3 at ¶¶ 11–28). In the alternative, Defendant asks the Court to transfer the case to the Northern District of Texas under 28 U.S.C. § 1406(a) (Dkt. #3 at ¶¶ 29–33). Plaintiff argues dismissal is unwarranted, the proper remedy is to transfer, and in the alternative, Plaintiff requests leave to amend his Complaint (Dkt. #7). Because venue is a threshold matter, the Court first addresses whether venue, as alleged, is proper. If the Court concludes that venue is improper, it must decide whether dismissal or transfer is the appropriate remedy under § 1406(a).

### I.   Motion to Dismiss for Improper Venue

Federal Rule of Civil Procedure 12(b)(3) serves as the procedural mechanism through which a party may challenge venue. The substantive provision governing venue is found in 28 U.S.C. § 1391, which provides, in relevant part, that venue is proper in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. 28 U.S.C. § 1391(b)(1)–(2).

Here, Plaintiff asserts venue is proper in this Court under 28 U.S.C. § 1391(b)(2), alleging a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of Texas (Dkt. #1 at ¶¶ 3–4; Dkt. #7 at p. 2). When applying 28 U.S.C. § 1391(b)(2), the court can consider that the venue "does not have to be the place where the most relevant events took place," but "the selected district's contacts must still be substantial." *McClintock v. School Bd. E. Feliciana Par.*, 299 F. App'x 363, 365 (5th Cir. 2008).

Plaintiff alleges Defendant discriminated against him because of his actual or perceived disability, failed to accommodate his actual disability, and terminated him because of an actual or perceived disability (Dkt. #1 at ¶ 1; Dkt. #1-1; Dkt. #1 at ¶ 14). Plaintiff broadly alleges Defendant committed these unlawful employment practices in Collin County, Texas, and Plaintiff was a resident of Collin County, Texas during his employment with Defendant and at the time of his termination (Dkt. #1 at ¶ 4; Dkt. #7 at p. 2). However, Plaintiff does not expand on which of the employment practices were carried out in Collin County, Texas, only that he resided there (Dkt. #7 at p. 2). In contrast, Defendant alleges its headquarters, where it makes employment-related decisions, are in Tarrant County, Texas; it has no physical location in Collin County, Texas; it does not conduct business in Collin County, Texas; and it does not regularly fly its planes into or out of Collin County, Texas (Dkt. #3 at ¶¶ 19–20; Dkt. #3 at pp. 12–13). Moreover, Defendant alleges that during Plaintiff's employment, Plaintiff reported to work at Defendant's headquarters and completed his indoctrination training Harris County, Texas (Dkt. #3 at p. 12).

Because Plaintiff failed to allege what unlawful employment practices occurred in the Eastern District of Texas and the only activity that occurred in the Eastern District of Texas was that Plaintiff resided here when he was terminated, the Court agrees with Defendant that the Eastern District of Texas does not satisfy the standard under 28 U.S.C. § 1391(b)(2), and thus, no events, let alone a "substantial part of the events," occurred in the Eastern District. 28 U.S.C. § 1391(b)(2). Accordingly, the venue, as asserted by Plaintiff, is improper.

## II.  Motion to Transfer Venue

Because venue in the Eastern District of Texas is improper under 28 U.S.C. § 1391(b), the Court looks to 28 U.S.C. § 1406 for guidance. 28 U.S.C. § 1406 states, "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be

4

in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Thus, § 1406 gives the Court two options: either dismiss the case or transfer it to a proper district in which the case could have originally been brought.

Section 1406(a) was "broadly designed to allow transfer instead of dismissal." *Van Dursen v. Barrack*, 376 U.S. 612, 634 (1964). Transfer from an improper court to a proper one is in the interest of justice when it allows the plaintiff to avoid the "time-consuming and justice-defeating technicalities" that would result from a dismissal. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962). The Fifth Circuit has reiterated that point. *Phillips v. Ill. Cent. Gulf R.R.*, 874 F.2d 984, 987 (5th Cir. 1989) (noting that a court may "transfer a case under 28 U.S.C. § 1406(a) in lieu of dismissing the action.").

Here, the parties do not dispute the Northern District of Texas is a proper venue and thus, appropriate for transfer (Dkt. #3 at ¶ 30; Dkt. #7 at p. 3). Accordingly, in the interest of justice, dismissal is unwarranted, and Defendant's Motion to Dismiss under Rule 12(b)(3) for improper venue should therefore be **DENIED**, and Defendant's alternative Motion to Transfer Venue to the Northern District of Texas is **GRANTED**.

## CONCLUSION

It is therefore **ORDERED** that Ameriflight's Motion to Dismiss Under FRCP 12(b)(3) for Improper Venue (the "Motion") (Dkt. #3) is hereby **DENIED in part and GRANTED in part**.

It is further **ORDERED** that this civil action is hereby **TRANSFERRED** to the United States District Court for the Northern District of Texas, Fort Worth Division.

**IT IS SO ORDERED.**

**SIGNED this 19th day of September, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE